2016-1057. Good morning, Mr. Dunn. We'll hear from you when you are ready. Your Honor, we're here on a patent case, and the primary reason we're here is I'd like to address the court about overturning portions of the decision below that relate to client construction, which we believe were faulty. The case involves a reissue patent. It's a very simple product. It's a plastic product which is made flat in one piece to clasp the straps on the back of a woman, of her brassiere straps, to bring them together. It's a very simple product, but apparently... We're dealing with one aspect of the claim relating to an Correct, Your Honor. That would be one aspect of the claim in the method claims. This is a reissue patent that had been filed. Initially, the patent had article claims, and then the reissue was filed adding method claims. Below, the court had summary judgment on both the article and the method claims. We're not appealing the decision, the result, on the article claims. We're just appealing the claim construction, if you will, and the decision concerning the patent. I would say one of the... I'm sorry. When this claim was amended during prosecution to add the elongated member... Elongated member, Your Honor. Yeah. When it was amended, if you look at page 196 of the appendix, the applicant said, applicant has amended claims 12, 13, 15 to what is described in the original specification and claims, referring to column 3, lines 30 to 40 of the specification. That portion of the specification describes an elongated member by reference to the figure, which shows no break. Why isn't that pretty good evidence out of the that there's no break in the elongated member? That's correct. There is no break disclosed. There is no break hinted at or suggested in the patent. There is one embodiment... Well, actually, there are two embodiments, but one embodiment simply that's elastic in the middle. But there's no suggestion made below or by us that there was any kind of suggestion in the patent that the equivalent structure is encompassed in the literal language of the claim. So your argument rests on the doctrine of equivalence? No, Your Honor. We're resting on the literal language of elongated member does not require... The claim language elongated member does not require that it be one piece or a continuous piece. But if you say in the prosecution history, when you amend the claim, the elongated member is shown in this figure, which doesn't have a break, why isn't that good evidence of how elongated member ought to be construed? It is good evidence, but it's not... When looking at the doctrine of equivalence, you don't have to have in the specification all the statements indicating what is or cannot be the equivalent structures. Okay. So that was why my question was, so you're really relying on the doctrine of equivalence here? I'm relying on the doctrine of equivalence for sure. I also believe there's literal infringement because I believe it's error to take limitations that are in the patent and the specification and write them into the claim. One of the purposes of a reissue patent is to essentially broaden claims. So why is the doctrine of equivalence applicable here when you didn't comply with the Cyprus requirements of evidence and argument? Your Honor, I believe we did. Our statement of uncontested facts, which begin on the appendix, I believe 267, the statement of uncontested facts, we go through all the patents that we noted, show the interchangeability of the different equivalent structures and used in bra strap holders that are used to slide up and down. We put all these facts before the board, before the court below. We cited from the patents in our statement of facts, we cited from the patents... But wasn't that with respect to article of manufactured claims? I'm sorry, Your Honor? That argument about the doctrine of equivalence. As I read your pleadings below, the doctrine of equivalence argument is expressly referenced with respect to the article of manufactured claims, which you did not appeal. Correct. And there is no doctrine of equivalence argument directed to Method Claim 12? We directed an equivalence argument to the elongated member, which is the... And the elongated main member in our brief on our pages. Do you agree, though, that there was no doctrine equivalence argument made specifically with respect to Claim 12? And where in your pleadings do you say, doctor, that's correct then? That's correct, specifically to 12. We argued this equivalent as shown for these various reasons. So your position is that you should be able to argue this on appeal, even though you didn't argue Claim 12 specifically below, but you should be able to now argue Claim 12 on appeal because the issue on appeal is elongated member, and you had argued doctrine of equivalence with respect to elongated member for other claims that aren't on appeal. No, Your Honor. Okay. The other claims, the only claim that has the elongated member as a definition for that piece, that element A, accused of vice, is Claim 12. All the other claims have elongated main member. They have different language. It was the method claims which broadened out the statement of that particular element as being just simply the main member. And in our brief, we discussed the equivalence of the claim language from both the article claims, elongated main member, and also elongated member. We said in our brief that elongated member, it's equivalent to the split. The elongated member doesn't require a split. It means it's elongated from the end, so you have places to hook the bra straps. And then the fact that it's split doesn't defect in any way from that method that's being processed. How would the court know that you're making a doctrine of equivalence argument, not a claim construction literal infringement argument, if you didn't argue doctrine of equivalence with respect to Claim 12? We argued doctrine of equivalence. Okay, that's an error in the briefing. We argued doctrine of equivalence for the elongated member, which only appears in Claim 12, as far as the independent claims. Where did you do that? What page did you do that? A273 to 277 is what I have on my notes, where we were discussing. I have my notes, I'm not sure if it's closed. We argued for the equivalence on all the claims on A273. Of course, on page A272, which introduces the text on page A273, it's just referring to Claims 1, 3, 5, 6, and 8. That's the last sentence on page A272. Should we look beyond that? Yes, Your Honor. I'm sorry, my notes are on the wrong page. Okay. In the motion, we did specifically cite that page. If I could refer to that, Your Honor. We need to move on. Your Honor, page 273, 274 is what I refer to. So what about prosecution history estoppel? What about prosecution history estoppel? Okay, prosecution history estoppel. When you added this claim term, and now you're asking for equivalence. How can you do that? Prosecution history estoppel is when you narrow a claim. This was not an art rejection or enablement rejection. Rejection was, we don't understand. It's a 112 indefinite rejection based on the weave language, which would weave the bra strap between the two features. So the examiner didn't know which elements were the weave at. That was an indefinite problem. So they changed the weave element to the Lungate member replacing the weave element. So it wasn't a narrowing. What case says that you don't have prosecution history estoppel where you make a claim amendment in response to an indefiniteness rejection? That's correct, Your Honor. No, no, no, not correct. What case says that if you amend a claim to add a claim term in response to an indefiniteness rejection, that that doesn't result in prosecution history estoppel? No, there is no case. But that amendment has, no, I'm misunderstanding. You're correct in your matter of law that if there is an indefinite rejection, prosecution history estoppel could apply. There's no exception for indefinite rejection. So why doesn't it apply here? Because it wasn't a narrowing in amendment. It was a clarifying term. Weave member is not in the spec. We don't know what that means. Give us a term that's in the spec so we know what you're talking about. That term is elongate member. It wasn't a narrowing amendment. It didn't exclude the equivalent. When you make a narrowing amendment, a prosecution history estoppel, is that you can't now recapture what you gave up when you made a narrowing amendment. Elongated member is not narrower than weave member? I don't think so if they're defining the same thing. Doesn't elongate mean longer than it is wide? Yes. Okay, so in that sense it's narrower. But in that narrowing sense, we did not give up the gap. It is longer than it is wide on both products. It's longer than it is wide. And my main concern in this case is that we have some clear, I believe, clear errors in claim construction. That bringing in, when we had a reissue patent which added method claims, bringing in the details of the article claims to construe the method claims because we're talking about the article as the same product. So the method claims were limited to elongate main member which extends completely across and doesn't have a gap. That was all put into the method claim, added in features to the method claim because they're in the article claim, some of those features. They're shown in the embodiment in the specification so it's in the specification so we can put it in. And most critically, which I think is very harmful as precedent to be affirmed, is that we took the subject matter of claim 15 and threw it into the independent claim. So now that we're making the independent claim, elongate member has to extend completely across which is what claim 15 added to claim 12. Mr. Dunn, you're into your rebuttal time. Do you want to continue or save it? No, your honor, I'll save that. Good morning, your honors. May it please the court. What I'd like to focus on is the issue of why we're here today. And it's our client's position that given what happened below and what happened in the briefing here, we should really not be here because with regard to literal infringement and doctrine of equivalence, there's been express waiver. We spoke about doctrine of equivalence just a couple of minutes ago. There was clearly a waiver with regard to that. Claim 12 was not included in what was being asserted below so that's waived. And then with regard to the main portion limitation, and all you need is one limitation that you don't meet and therefore there's no infringement, with regard to the main portion limitation, that came from plaintiff's claim construction that it professed down below and the court adopted it. You say why are we here? Even if we agree with you on the merits, he's entitled to make his case even if in your view or ultimately in our view, he doesn't have much of a case. That remains to be seen. Yes, your honor, but what I was trying to is this is a frivolous case. That's what I thought you were saying. And therefore, you know, we believe that we should be compensated for that. My client is not a big company. Everybody knows how expensive these proceedings are. These are major undertakings for small companies. And given that you have express waivers with other issues here that, you know, should not have been brought up, this should have been a case that should have been resolved below. The district court entered an 85-page opinion, which really covered virtually every aspect of this, and that should have been enough. 85 pages is just some complexity. Yes, I think the court, I think that was the first decision the court had on a patent case and wanted to really lay it out. But the rulings were very clear what was going on below. And then when you come here, you know, if you have an issue, that's fine. That ends my comment, your honor, unless there are some questions. I have nothing further. Thank you, Mr. Springgott. Mr. Dunn has some rebuttals on him. Well, yes, your honor. Regarding the point made by Mr. Springgott is that this is a frivolous case, and you shouldn't have been here. You got two points. One, the waiver argument is certainly discretionary with the court, and we did argue a Longgate member was equivalent. We did argue that below. We didn't say a Longgate member as specifically defined in Claim 12, but with all the proceedings going forward, it was clear that it was a Longgate main member and a Longgate member with two different claim structures, and the method had a different claim. And we used the method. And of course, while we're here, we have what I would identify as two really crucial errors. One is that a reissue patent is issued for the purpose of essentially broadening an issued patent. That's basically why people file a reissue. And I didn't mean to add method claims. There's other reasons reissues are filed, right? Well, there are other issues, but it's something that people generally consider is going on with a reissue patent. The method claims were broader, and to take the article claims and use the claims the article claims to narrow the method claims, because the same article is being used, and to me is a clear error and a type of precedent that should not be allowed to survive. You're saying you have a real issue. My personal concern. Whether we agree or not, you're saying it's not frivolous. Correct. Personally, I think this is a very major important issue that should be determined by this court, whether or not you can add in the article limitations into the method claims when the method claims clearly have selected different language, which is admittedly broader. And then the second part, which I think is really bad law, is when you add the feature, for example, claim 15 has to extend completely across when it doesn't say that in claim 12. And the judge actually said... Does claim 12 say extending between the strapped retaining members? Extending between, correct. Correct. And then claim 15 adds it completely across. So because across is different than extending between to you? Yes, because the two elements that you have an extending between and you have another element which is on top, which you have to weave, which they use the word weave the bra strap through, it doesn't have to have continuous piece in claim 12 in order to perform that method. You do need a continuous piece when extending completely across when you go to claim 15. That's limitation on claim 15 added. If you throw it into claim 12, I think it's a dangerous precedent for a lot of patent owners, especially this one. But it's a reason for appeal. And I would also... Well, I got 13 seconds. I would say that the waiver, Robert, is discretionary. We did argue equivalency on the Longgate member below. And we do have a fairly substantially good argument that the claim can structure had substantial errors, which should not be repeated. Thank you. Thank you, Mr. Dunn. We'll take the case under discussion. Thank you. The honorable court is adjourned from day to day.